# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: April 30, 2025)

\* \* \* \* \* \* \* \* \* \* \* \* \*

LORI PHELAN,        \*
*on behalf of her minor child, A.P.*   \*

                          \*     No. 18-1366V

       Petitioner,     \*

                          \*     Special Master Dorsey

v.                           \*     Attorneys' Fees and Costs

                          \*

SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*

                          \*

       Respondent.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

Curtis R. Webb, Curtis R. Webb Attorney at Law, Phoenix, AZ, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 6, 2018, Lori Phelan ("Petitioner"), on behalf of her minor child, A.P., filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged A.P. suffered from Pediatric Acute Neuropsychiatric Syndrome ("PANS") as a result of receiving measles-mumps-rubella ("MMR") and/or varicella vaccinations on September 10, 2015. Petition at ¶ 5 (ECF No. 1). On February 20, 2024, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 105).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On September 24, 2024, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 110). Petitioner requests compensation in the amount of $276,160.81, representing $238,962.70 in attorneys' fees and $37,198.11 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. ECF No. 113. Respondent filed his response on March 15, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 111). Petitioner filed a reply on October 1, 2024. Reply (ECF No. 112).

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $212,278.33.**

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

special master may reduce a fee request <u>sua sponte</u>, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. <u>See Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. <u>Wasson v. Sec'y of Health and Human Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." <u>Saxton</u>, 3 F. 3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests a total of $238,962.70 in attorneys' fees. Petitioner requests the following hourly rates for the work of her counsel, Mr. Curtis R. Webb: $440.00 per hour for work performed in 2018 and 2019, $458.50 per hour for work performed in 2020, $482.00 per hour for work performed in 2021, $497.50 per hour for work performed in 2022, $524.00 per hour for work performed in 2023, and $553.50 per hour for work performed in 2024. The rates requested for the work Mr. Webb performed through the end of 2023 are reasonable and consistent with prior determinations, and will therefore be awarded herein. Petitioner has also requested an hourly rate of $553.50 for the work performed by Mr. Webb in 2024. The undersigned finds this rate increase reasonable and will adopt it as proposed.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. <u>See Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. <u>Bell v. Sec'y of Health & Human Servs.</u>, 18 Cl. Ct. 751, 760 (1989); <u>Rodriguez</u>, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. <u>Id.</u> at *8.

The undersigned has reviewed the submitted billing entries and finds that reduction is required. The undersigned recognizes that this case required an expert and an entitlement hearing; however, the number of hours spent on certain aspects of this case was excessive. Of note, Mr. Curtis Webb spent approximately 49.1 hours ($24,427.25) drafting and revising the pre-hearing brief, and approximately 128.1 hours ($64,341.90) drafting and revising the post-hearing brief. Fees App. Ex. A at 10-11, 15-19. Additionally, Mr. Alexander Webb (paralegal) spent approximately 38.7 hours ($6,714.45) drafting and revising the reply brief; and thereafter,

Mr. Curtis Webb spent 30.3 hours ($15,877.20), also drafting and revising the reply brief (thus, 69.0 attorney and paralegal hours and $22,591.65 was billed for drafting and revising the reply brief). Id. at 20-22. Finally, Mr. Curtis Webb billed a total of 11.8 hours drafting correspondence and preparing materials for Dr. Marcel Kinsbourne, the expert in this case, totaling $5,247.50. Id. at 4-5. The amount billed for all of these tasks totals $116,608.30, which accounts for nearly 50% of the attorneys' fees sought in this case.

In evaluating the reasonableness of billing, the amount of time spent on working on a case must be consistent with counsel's experience and corresponding billing rate. An attorney may not combine relatively high hourly rates with a relatively large number of hours. A relatively high hourly rate is warranted when an attorney possesses knowledge and experience to work relatively quickly. See Larsen v. Sec'y of Health & Human Servs., No. 19-56V, 2024 WL 5377991, at *2 (Fed. Cl. Spec. Mstr. Nov. 15, 2024) (finding that spending 66.2 hours attorney and paralegal hours drafting the pre-hearing brief, 19.2 hour drafting a GBS brief, and 69.8 hours on hearing preparation was excessive); see also Barclay v. Sec'y of Health & Human Servs., No. 07-605V, 2014 WL 2925245, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (finding that spending approximately 80 hours in continued work on expert reports, approximately 44 hours in writing a pretrial brief, approximately 44 hours in preparing for and participating in the hearing, and approximately 55 hours for writing one post-hearing brief was not reasonable). Mr. Curtis Webb possesses more than 40 years of experience practicing law, with about 35 of those years representing petitioners in the Vaccine Program. In the undersigned's experience, the amount of time counsel billed for brief writing and corresponding with the expert were excessive and not reasonable. The undersigned finds it reasonable to reduce this amount by 50%, resulting in a reduction of **$58,304.15**.

Additionally, there are various entries for time completing administrative tasks. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, attorney and paralegal time was billed for the following entries: "Organized medical records" "Prepared medical records for filing: finished organizing; typed headings, scanned to PDF, paginated" "Prepared exhibits 5-10 (medical records)" "Reviewed updated medical records, Prepared them to file as exhibits," and "Prepared Exhibit List" See Fees. App., Ex. A at 3, 5, 7, 9, 11, 12, 14-16. There are more than 15 billing entries for clerical and administrative tasks, resulting in $5,127.15 in charged fees. Accordingly, the undersigned finds that a **$5,127.15** reduction in attorneys' fees is appropriate.

Petitioner is therefore awarded final attorneys' fees of $175,531.40.

### b. Attorneys' Costs

Petitioner requests a total of $37,198.11 in attorneys' costs. This amount is comprised of acquiring medical records, legal research, the Court's filing fee, expert services provided by Dr. Marcel Kinsbourne, the hearing transcript, and costs associated with traveling for the entitlement

hearing including airfare, lodging, ground transportation, and meals. Fees App. Ex. B at 2-3.
Some of these costs require reduction.

Mr. Curtis Webb traveled roundtrip from Eugene, Oregon, to Petitioner's city of
residence, Boston, Massachusetts, to appear remotely for the entitlement hearing from August
24, 2022, through August 25, 2022. Petitioner requests reimbursement for Mr. Webb's roundtrip
airfare flying Delta Comfort Plus. It is well-established that the Vaccine Program does not
compensate for upgraded methods of travel, such business class. See McCulloch v. Sec'y of
Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *22 (Fed. Cl. Spec. Mstr. Sept. 1,
2015); Tetlock v. Sec'y of Health & Human Servs., No. 10-56V, 2017 WL 5664257, at *6 (Fed.
Cl. Spec. Mstr. Nov. 1, 2017); Wright v. Sec'y of Health & Human Servs., No. 12-423V, 2018
WL 7017749, at *4 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); Digerolamo v. Sec'y of Health &
Human Servs., No. 16-0920V, 2019 WL 4305792, at *4 (Fed. Cl. Spec. Mstr. June 28, 2019).
Moreover, there was no justification as to why a business class ticket was necessary. Therefore,
the undersigned reduces the amount of Mr. Webb's Delta Comfort Plus ticket by 33%. See
Wright, 2018 WL 7017749, at *4 (reducing Delta Comfort + tickets by 33%); see also Orm v.
Sec'y of Health & Human Servs., No. 14-257V, 2024 WL 1856679, at *4-5 (Fed. Cl. Spec. Mstr.
Apr. 2, 2024) (reducing Delta Comfort + tickets by 33%). This results in a reduction of **$451.18**.

Additionally, during Mr. Webb's travel for the entitlement hearing, he incurred expenses
for meals and ground transportation, including Uber and local taxi services. See Fees App. Ex. B.
at 2-3. Most of these expenses were not submitted with receipts. Per the Guidelines for Practice
Under the National Vaccine Injury Compensation Program, "[b]efore reimbursement of costs
will be made, sufficient supporting documentation, such as invoices, receipts, and billing
statements, must be provided." See Guidelines for Practice Under the National Vaccine Injury
Compensation Program at 75.[3] Although most of these expenses were not supported by receipts,
there was some documentation in the form of credit card statements provided to substantiate
these costs; therefore, they will be awarded in full.[4]

Finally, petitioner requests reimbursement in the amount of $31,000.00 for expert
services provided by Dr. Kinsbourne, representing 62 hours at $500 per hour for preparing two
expert reports (16 hours per report), hearing preparation (10 hours) and testifying at the two-day
entitlement hearing (20 hours). Fees App. at 2, 10-11. Petitioner noted that Dr. Kinsbourne
passed away on April 21, 2024. Id. at 11. Although there is no invoice for Dr. Kinsbourne's
expert services, the undersigned nevertheless finds that this rate is consistent with what Dr.
Kinsbourne has been previously awarded, and is also reasonable herein. See, e.g., Nieves v.
Sec'y of Health & Human Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr.

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at:
https://www.uscfc.uscourts.gov/sites/cfc/files/Vaccine%20Guidelines%203.03.2025.pdf.

[4] The undersigned advises counsel that in the future, he should provide sufficient documentation, specifically
receipts when available, so that the reasonableness of the request for reimbursement may be fully evaluated. Counsel
is cautioned that a failure to provide sufficient documentation of requested costs in the future may result in a
reduction or denial of costs.

Oct. 2, 2023). Moreover, the hours requested for Dr. Kinsbourne's expert services are also reasonable; therefore, his services shall be awarded in full.

Accordingly, petitioner is awarded final attorneys' costs of $36,746.93.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $238,962.70 |
| (Total Reduction from Billing Hours) | ($63,431.30) |
| **Total Attorneys' Fees Awarded** | **$175,531.40** |
| | |
| Attorneys' Costs Requested | $37,198.11 |
| (Reduction of Costs) | ($451.18) |
| **Total Attorneys' Costs Awarded** | **$36,746.93** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$212,278.33** |

**Accordingly, the undersigned awards $212,278.33 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

_s/Nora Beth Dorsey_
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.